COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:  Fidelis Johnson  Badaiki v. Steve McKenzie, Schlumberger Holdings Corporation et al

Appellate case number:  01-20-00778-CV

Trial court case number:  2020-16532

Trial court:  11th District Court of Harris County

Appellant, Fidelis Johnson Badaiki, has filed a pro se appeal from the trial court's orders signed June 15, 2020 and November 9, 2020 granting defendants' motion to dismiss under Texas Rule of Civil Procedure 91a, the order signed June 16, 2020 granting defendants' motion for sanctions, and the order signed January 11, 2021, granting defendants' costs and attorney fees.

On January 15, 2021, Badaiki filed a statement of inability to afford payment of court costs on appeal.  If Badaiki claims that he is unable to afford payment of costs for the appellate record, he must comply with Texas Rule of Civil Procedure 145(a) and file the statement of inability with the trial court clerk.  *See* TEX. R. CIV. P. 145(a).  If appellant claims an inability to afford payment of filing fees and other fees assessed by the appellate court, the statement of inability must also be filed in this Court.  *See* TEX. R. APP. P. 20.1, comment.  This Court has not yet received a clerk's record and in unable to determine whether appellant filed a statement of inability in the trial court, but appellees state in a letter filed on January 22, 2021 that the trial court rejected Badaiki's statement of inability and thus, it appears that Badaiki did file one in the trial court.

Badaiki has filed a statement of inability in this Court, but this statement of inability only concerns filing fees in the appellate court and not to the appellate record.  *See* TEX. R. APP. P. 20.1; TEX. R. CIV. P. 145(a).  And this statement of inability fails to comply with the rule requirements because Badaiki has not filled out requisite portions of the form.  In particular, Badaiki has not stated whether he is represented by legal aid (question 2 in the form), whether or not he receives public benefits (question 3), the value of any property or assets (question 5), his monthly expenses (question 6), and any debts explaining his financial situation (question 7).

Because Badaiki's statement of inability to afford payment of court costs is incomplete and inadequate, Badaiki has not established that he is unable to afford payment of court costs.  Badaiki may file a revised statement of inability to afford payment of court costs if he continues to claim an inability to afford payment of filing fees and other fees charged by the appellate court.

It is so ORDERED.

Judge's signature: ____/s/ Richard Hightower_____

                ☑ Acting individually    ☐ Acting for the Court

Date: ____February 23, 2021_____